# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. CIUFO,<br><br>　　　　Defendant. | 1:13-cv-00161-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FAILURE TO OBEY A COURT ORDER<br><br>TWENTY-ONE DAY DEADLINE |

　　　　Plaintiff Matthew James Dury ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff initiated this action on January 30, 2013.  On March 15, 2013, the Court consolidated this action with Dury v. Ciufo, 1:13-cv-00288-LJO-MJS (PC).  By that same order, the Court directed Plaintiff to file a motion for leave to amend and a proposed first amended complaint in this action within thirty days.  (ECF No. 9.)  Plaintiff failed to comply with the Court's order.

　　　　On March 6, 2014, the Court dismissed Plaintiff's complaint for failure to state a claim and granted Plaintiff leave to amend within thirty days.[1]  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e).  Plaintiff was warned that if he failed to file an amended complaint in compliance with the order, this action would be dismissed for failure to obey a court order.

---

[1] In the absence of an amended complaint, the Court limited its screening to the operative complaint filed in this action on January 30, 2013.

1

1     The deadline for Plaintiff to file his amended complaint has passed and Plaintiff has not
2 complied with or otherwise responded to the Court's orders.
3     Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
4 any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
5 within the inherent power of the Court."  District courts have the inherent power to control their
6 dockets and "[i]n the exercise of that power they may impose sanctions including, where
7 appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A
8 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
9 failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran,
10 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
11 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
12 requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th
13 Cir. 1987) (dismissal for failure to comply with court order).
14     In determining whether to dismiss an action, the Court must consider several factors: (1)
15 the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
16 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
17 cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779
18 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).
19     The Court finds that the public's interest in expeditiously resolving this litigation and the
20 Court's interest in managing the docket weigh in favor of dismissal.  This action has been
21 pending since January 30, 2013.  Plaintiff has made no attempt to contact the Court or otherwise
22 comply with the Court's March 2014 screening order.  Plaintiff also made no attempt to comply
23 with the Court's consolidation order issued in March 2013.  The Court cannot hold this case in
24 abeyance awaiting compliance by Plaintiff.  The third factor, risk of prejudice to defendant, also
25 weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
26 unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
27 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
28 outweighed by the factors in favor of dismissal discussed herein.  Finally, the court's warning to

a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-133; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order issued on March 6, 2014, expressly stated "If Plaintiff fails file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order." (ECF No. 14, p. 5.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED based on Plaintiff's failure to obey the Court's order of March 6, 2014.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.§ 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 15, 2014**                    /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE